DocuSign Envelope ID: 7783FFB6-AB0B-4469-954B-80AF6A643221

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 20-1567

| | |
|---|---|
| Jeremy Martin<br><br>　　　　　Plaintiff,<br>v.<br><br>Optimum Outcomes, Inc..<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Jeremy Martin, is a natural person who resides in the State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Upon information and belief, Defendant, Optimum Outcomes, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 2651 Warrenville Road, Suite 500, Downers Grove, IL 60515, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). (See Exhibit1 attached hereto and made a part hereof.)

DocuSign Envelope ID: 7783FFB6-AB0B-4469-954B-80AF6A643221

## FACTUAL ALLEGATIONS

6. Before December 18, 2019, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a "debt" to it.

7. The debt owed by Plaintiff eventually went into default.

8. After the debt went into default the debt was sold and/or otherwise transferred to Defendant for collection.

9. The Plaintiff retained Matthew C. Lein for legal representation regarding the Plaintiff's debts.

10. Prior to December 18, 2019, Defendant had reported to Experian [1]credit reporting agencies that the Plaintiff owed a debt to it.

11. On December 18, 2019, and December 20, 2019, Plaintiff, through Plaintiff's attorney, disputed[2] the debt directly with Defendant and further requested all communications cease with respect to the consumers. (See Exhibits 2A and 2B attached hereto and made a part hereof.)

12. Plaintiff still disputes the debt that Defendant is attempting to collect.

13. On February 17, 2020, the Plaintiff obtained and reviewed a copy of Plaintiff's Experian credit report. (See Exhibit 3 attached hereto and made a part hereof.)

14. On February 17, 2020, Defendant continued to report the Plaintiff's debt to Experian without indicating that the debt was disputed. (See Exhibit 3 attached hereto and made a

---

[1] The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

[2] Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347 (7th Cir. 2018)

DocuSign Envelope ID: 7783FFB6-AB0B-4469-954B-80AF6A643221

part hereof.)

15. The Experian credit report dated February 17, 2020 indicates that it was last reported or verified January 12 and/or January 26, 2020. (See Exhibit 3 attached hereto and made a part hereof.)

16. The Experian credit report dated February 17, 2020, failed[3] to indicate that the debt was disputed by the consumer. (See Exhibit 3 attached hereto and made a part hereof.)

17. Defendant's violation of the FDCPA is material because Defendant's failure to update Plaintiff's credit report would make an unsophisticated consumer believe that the consumer did not have the rights Congress had granted to the consumer under the FDCPA. This alleged violation of the FDCPA is sufficient to show an injury-in-fact[4].

18. Defendant's violation of the FDCPA is a material violation of the statute. Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score"[5].

19. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard[6].

20. Defendant collector(s) were employee(s) and/or representative(s) of Defendant at all times mentioned herein.

21. Defendant acted at all times mentioned herein through its employee(s) and/or

---

[3] By failing to communicate that the debt at issue was disputed, Defendant violated the FDCPA. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347 (7th Cir. 2018)

[4] Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 346 (7th Cir. 2018) (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

[5] Id. at 346.

[6] See Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

representative(s).

22. From the facts above, Plaintiff asserts Defendant's collective actions were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e(8)[7], 1692d[8], 1692 f[9] and 1692e[10] amongst others.

## TRIAL BY JURY

23. Plaintiff are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

## CAUSE(S) OF ACTION

## COUNT 1.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq. – Defendant

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

---

[7] The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer. *See* 15 U.S.C. 1692e(8) ("...the following conduct is a violation of this section...including the failure to communicate that a disputed debt is disputed..."); <u>Evans v. Portfolio Recovery Assocs., LLC</u>, 889 F.3d 337, 346–47 (7th Cir. 2018).

[8] The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

[9] The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

[10] The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

DocuSign Envelope ID: 7783FFB6-AB0B-4469-954B-80AF6A643221

26. As a result of Defendant's violations of the FDCPA, Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that judgment be entered against Defendant(s):

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 16 U.S.C. § 1692 et seq. – Defendant

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

**Lein Law Offices, LLP**

By: **s/Matthew C. Lein**
Matthew C. Lein
Attorney I.D.#1084028
15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone: (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com

MCL/sjr **Attorney for Plaintiff**

DocuSign Envelope ID: 7783FFB6-AB0B-4469-954B-80AF6A643221

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN        )
                          ) ss
COUNTY OF SAWYER          )

Plaintiff, Jeremy Martin, having first been duly sworn and upon oath, verify, certify, and declare as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

/s/  *Jeremy Martin* (DocuSigned)
Jeremy Martin